NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RYAN CHRISTOPHER JOYCE, *Appellant.*

No. 1 CA-CR 19-0552
FILED 6-11-2020

Appeal from the Superior Court in Yavapai County
No. P1300CR201801015
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David B. Gass joined.

---

**W I N T H R O P**, Judge:

**¶1**  Ryan Christopher Joyce ("Appellant") appeals his convictions and placement on probation for unlawful flight from a pursuing law enforcement vehicle and harassment. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record on appeal and found no arguable question of law on any issue. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating this court reviews the entire record for reversible error). Appellant was provided the opportunity to file a supplemental brief *in propria persona*, but has not done so.

**¶2**  We have appellate jurisdiction pursuant to the Arizona Constitution, art. 6, § 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A). Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

**¶3**  On July 11, 2018, the State charged Appellant by indictment with unlawful flight from a pursuing official law enforcement vehicle, a class five felony, in violation of A.R.S. § 28-622.01, and harassment, a class one misdemeanor, in violation of A.R.S. § 13-2921(A)(1).

**¶4**  At trial, the State presented the following evidence: On May 9, 2018, Appellant's wife had an order of protection served against Appellant by Officer Eller of the Prescott Valley Police Department. Later

---

[1]  We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

that same day, Appellant in violation of the order sent his wife rude text messages indicating he planned to return to their shared residence. After learning Appellant planned to return that afternoon, Officers Eller and Cozens went to the residence, but they did not receive a response to their knock at the door. As the officers began walking away, they heard a vehicle's engine running inside the garage, but the engine shortly thereafter turned off. The officers confirmed by phone that Appellant's wife was not at home, and therefore assumed Appellant was in the residence. The officers again knocked on the door, but received no response. They decided to park their vehicles down the street—and out of sight from Appellant's residence—and wait for Appellant to drive away from the residence. They were joined by Sergeant Grant in another police vehicle.

¶5        Almost immediately thereafter, Appellant left the residence and drove onto the road toward where the officers were waiting. As Appellant approached the three fully marked law enforcement vehicles, Officer Eller turned on his overhead lights and siren, and attempted to pull over Appellant. Instead of pulling over or stopping at the upcoming stop sign, however, Appellant rolled through the stop sign and began to accelerate. Officer Cozens and Sergeant Grant activated their overhead lights and sirens and followed Officer Eller in a line of three vehicles following Appellant. Appellant accelerated up to forty-eight miles-per-hour on a road with a twenty-five miles-per-hour posted speed limit.

¶6        After a short pursuit, Appellant decelerated and turned right into a private club parking lot where he began to open his car door as his car slowed down. Thinking Appellant was preparing to flee on foot, the officers ordered Appellant out of his vehicle; however, he appeared to have difficulty complying with the order. Officers Cozens and Eller approached and pulled Appellant out of his vehicle. Appellant informed the officers he had previously suffered a stroke and was unable to properly use the left side of his body.

¶7        After handcuffing Appellant, the officers informed Appellant of his *Miranda*[2] rights. Appellant stated he wanted a lawyer but continued to speak and claimed he did not see the lights or hear the sirens. Officer Eller told Appellant to stop talking. However, Appellant continued to speak, stating, "[M]an I knew it when that was happening that I should not be doing it. And that's why I pulled over at the gym."

---

2        *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶8         Appellant did not testify at trial, but his counsel argued his stroke caused him to become very slow in visual processing, which caused his delay in pulling over. At the conclusion of the trial, the trial judge found Appellant guilty of misdemeanor harassment and the jury returned a guilty verdict for felony flight from a law enforcement vehicle. The trial court placed Appellant on supervised probation for three years, which included domestic violence counseling and mental health terms, plus incarceration in the Yavapai County Jail for four days, with credit for four days' time already served. Appellant filed a timely notice of appeal.

## ANALYSIS

¶9         We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdict, and the period of probation imposed was within the statutory limits. *See* A.R.S. § 13-902(A)(4). Appellant was represented by counsel at all stages of the proceedings and allowed to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶10         After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶11         Appellant's convictions and placement on probation are affirmed.

